WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilbert M. Charley,<br><br>            Plaintiff,<br><br>v.<br><br>Arizona Public Service Co., an Arizona corporation,<br><br>           Defendant. | No. CV-12-2068-PHX-DGC<br><br>**ORDER** |

On September 10, 2012, Plaintiff filed a complaint in Maricopa Superior Court. Doc. 1-1. Plaintiff alleged that Defendant fired him on the basis of race, age, and disability, and asserted claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Doc. 1-1. Defendant promptly removed the case to this Court on September 28, 2012. Doc. 1. Defendant has now filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiff's claims are barred by the applicable statute of limitations. Doc. 5. The motion has been fully briefed, and the Court will grant in part Defendant's motion to dismiss.[1]

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. Pr. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Legal Standard.**

"If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).  However, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva,* 927 F.2d 476, 478 (9th Cir. 1991)).

**II.    Analysis.**

Before a claimant can file a civil action under Title VII, ADEA, or ADA, he must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982).  If the EEOC dismisses the charge, the claimant has ninety days to file a civil action.  42 U.S.C. § 2000e–5(f)(1) (adopting ninety-day time limit for suits under Title VII); 42 U.S.C. § 12117 (ADA); 29 U.S.C. § 626 (ADEA). This ninety-day period is a statute of limitations.  *Scholar v. Pacific Bell,* 963 F.2d 264, 266–67 (9th Cir. 1992).  The Ninth Circuit has also adopted a rule allowing for a rebuttable presumption that a plaintiff received notice of dismissal from the EEOC within three days of it being mailed, thereby permitting suits commenced within 93 days of when the notice was mailed.  *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007).  If a claimant fails to file the civil action within this period, the action is barred.  *Scholar*, 963 F.2d at 267.

In this case, Plaintiff filed a charge of discrimination with the EEOC.  *See* Doc. 5-1 at 12.  The EEOC dismissed the charge on March 27, 2012, and notified Plaintiff that if he wished to sue he must file his lawsuit within ninety days of receipt of the notice. Doc. 5-1 at 16.  Plaintiff filed his complaint in Maricopa Superior Court on September 10, 2012, more than 150 days after the EEOC dismissed the charge of discrimination. Doc. 1-1.  Therefore, Plaintiff's claims are barred.

A statute of limitations is subject to the doctrine of equitable tolling. *See Scholar*, 963 F.2d at 266. Equitable tolling generally arises "when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Id.* (citing *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 (1990), and *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984)). These situations do not apply here, and equitable tolling is not appropriate due to Plaintiff's failure "to exercise due diligence in preserving his legal rights." *Irwin,* 498 U.S. at 96.

### III.  Arizona Civil Rights Act Claim.

Plaintiff asserts that he has adequately pled a claim under ACRA. If this is correct, the Court has discretion under 28 U.S.C. § 1367(c) to remand the claim to state court because this case was removed from state court and all federal claims have now been dismissed. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350–52 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000–01 (9th Cir. 1997). Since the ACRA claim is a purely state law claim to which Arizona law should be applied, it is better litigated in state court. *See Carnegie-Mellon*, 484 U.S. at 350 n.7 (finding that in the usual case "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims"). Moreover, because any ACRA claim was timely when filed and now appears to be time-barred, a remand is preferable to dismissal. *Id.* at 351–52.[2]

Defendant argues that Plaintiff failed to state in his complaint that he was suing under ACRA. Doc. 11 at 3. While this is true, there appears to be at least a colorable

---

[2] On September 9, 2011, Plaintiff filed a charge of discrimination with Arizona's Civil Rights division. Doc. 5-1 at 5. On August 17, 2012, the Civil Rights division mailed to Plaintiff a "Notice of Right to Sue." *Id.* This notice informed Plaintiff that he may initiate a civil action "within 90 days of the date you receive this Notice or within one year of the date you filed the charge, whichever comes first. A.R.S. § 41-1481(D.)." *Id.* Because Plaintiff filed this complaint on September 10, 2012, exactly one year after Plaintiff filed a charge of discrimination, Plaintiff's suit under ACRA is not time barred. *See* Ariz. R. Civ. P. 6(a) (stating that "in computing any period of time . . . the day of the act, event or default from which the designated period of time begins to run shall not be included").

argument that Plaintiff placed Defendant on notice that an ACRA claim was being asserted, and the Court concludes that the adequacy of Plaintiff's ACRA pleading should be addressed by the state court under state pleading rules.[3]

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 5) is **granted** to the extent that the federal law claims are dismissed because they are barred by the statute of limitations. The case is remanded to Maricopa County Superior Court pursuant to 28 U.S.C. § 1367(c).

Dated this 1st day of March, 2013.

_____
David G. Campbell
United States District Judge

---

[3] In his complaint Plaintiff stated that he was suing under Title VII, ADEA, and ADA. Doc. 5-1 at 4. As the very first attachment to his complaint, however, Plaintiff included a copy of a "Notice of Right to Sue." Doc. 5-1 at 5. This notice was issued by Arizona's Civil Rights Division and informed Plaintiff of his right to sue under Arizona law. *Id.* It also referenced ACRA and cited its provisions. *Id.* By including a copy of this notice, Plaintiff arguably showed his intent to pursue a claim under ACRA. Whether such a showing is sufficient to state an ACRA claim under state law is a matter that is better decided by the state court on remand.